• William C. Hecht, Je.,
J. Defendants move for dismissal of the complaint pursuant to subdivision 4 of rule 106 or, in the alternative, for relief pursuant to rule 103 of the Buies of Civil Practice.
In the first cause of action, the plaintiff Elizabeth Taylor Fisher complains of the front cover of the August, 1960 issue of “ Movie T. V. Secrets ” magazine on which is contained a picture of the plaintiffs and of Debbie Beynolds and the headline ‘ ‘ Debbie Attacks Liz!”, and of the story with the same title appearing in the magazine. It is alleged that by words and language contained in the publication, defendants meant and intended to mean, and the publication was so understood by the readers, that plaintiff Elizabeth Taylor Fisher is unladylike and lacking in restraint and decorum, engaged in a public brawl with her husband’s former wife, and that the plaintiffs are so unprincipled and mercenary as to have met with Debbie Beynolds for the purpose of arranging a joint television spectacular appearance, thereby capitalizing upon the publicity which resulted from the divorce between Eddie Fisher and Debbie Beynolds and the subsequent marriage of the plaintiffs.
In the second cause of action, plaintiff Eddie Fisher complains of the same publication.
In the third cause of action, the plaintiff Elizabeth Taylor Fisher complains of the front cover of the December, 1960 issue. The headline thereon, prominently placed alongside the photographs of the plaintiffs, emblazons “ Steven Boyd Has Split Up Eddie and Liz! ” A story title on the contents page reads: “ Confidential Exclusive Steve Boyd-Liz Taylor — Steve Boyd Splits Eddie and Liz! (A new lover enters the scene) ”. Complaint is made further of an additional headline and subheadline.
The fourth cause of action on behalf of plaintiff Eddie Fisher is also based on the December, 1960 issue.
In my view it is fair to conclude that the alleged libelous matters impugn the character of the plaintiffs affecting their reputation, degrade them in the estimation of the community, and affect them in their business. As plaintiffs contend, the alleged libel tends to do more than merely project them into notoriety, since the plaintiff Elizabeth Taylor Fisher is characterized as unladylike in engaging in a public brawl and renders *98 her an object of pity, and both plaintiffs are portrayed as exploiting for mercenary reasons the difficulties encountered by them and by Debbie Reynolds in their marital relations.
From a reading of the first publication of which plaintiffs complain, the public may well obtain the impression that defendants were lending support to Miss Reynolds, that their solicitude for the plaintiffs was not genuine and that the deportment of the plaintiff Elizabeth Taylor Fisher was less than is required of her in the public mind, despite the fact that no moral turpitude may have been attributed. The device of the use of a fictitious story is not necessarily a shield against the charge of libel.
With respect to the second publication, it is sufficient that there may be attributed to the headline and to the matter complained of the meaning that the principals involved were intimate or that Miss Taylor and Mr. Boyd were lovers.
Pursuant to rule 103, the defendants request that the allegations of paragraphs 10,11,13 and 22 be stricken. In paragraphs 10 and 11 plaintiffs set forth allegations which tend to support their claim for punitive damages and they are not improper. In paragraphs 13 and 22 plaintiffs alleged the innuendoes, and they too are not improper, since they do not enlarge or change the language of which complaint is made. The motion is in all respects denied.